CHARLES HETZEL, SR., APPELLANT, v. WASSON PISTON RING COMPANY, RESPONDENT.

Submitted March 27, 1916—Decided June 19, 1916.

A father who has allowed his son, under the age of fourteen, to work in a factory in violation of the statute prohibiting the employment of children under the age of fourteen in factories, cannot recover from the employer damages resulting from injuries received by the son which arose out of the employment.

---

On appeal from the Hudson Circuit Court.

For the appellant, *Harlan Besson.*

For the respondent, *Kalisch & Kalisch.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in the present case seeks to recover from the defendant expenses which he was compelled to pay for the treatment of injuries received by his son, Charles Hetzel, Jr., while engaged at work in the factory of the defendant company, and resulting from the negligence of the defendant, and also compensation for the loss of his son's services resulting from the accident. Having filed his complaint, counting on this alleged common law liability of the defendant, application was made to strike it out upon the ground that the only obligation of the master to make compensation for injuries received by plaintiff's son was that declared by the Workmen's Compensation act, and that the right of recovery, if it existed, could only be enforced by the proceeding provided by that act. The court below, conceiving this contention to be well founded, struck out the complaint, and directed the entry of judgment for the defendant.

We think the ground upon which the judicial action complained of was based is untenable. The reasons for this conclusion are set out at length in an opinion promulgated by us at the present term in the case of Charles Hetzel, Jr., against the same defendant.

The judgment, however, can and should be sustained upon another ground. Chapter 64 of the laws of 1904 (*Pamph. L., p.* 152), the object of which is to regulate the age, employment, safety, &c., of employes and operatives in factories where the manufacture of goods of any kind is carried on, declares in its first section that "No child under the age of fourteen years shall be employed, allowed or permitted to work in any factory, workshop, mill or place where the manufacture of goods of any kind is carried on; any corporation, firm, individual, parent or custodian of any child who shall violate any of the provisions of this act shall be liable to a penalty of fifty dollars for each offence." It appears in the plaintiff's complaint that his son was injured while at work in the defendant's factory; that this factory was devoted to the manufacture of piston rings, and other metallic articles, and that the boy was thirteen years of age at the time when

he received his injury. It is apparent, therefore, that in setting this boy to work in the defendant's factory there was a deliberate violation of the provisions of the act of 1914, the purpose of which was to protect just such little ones from injuries which might result from their entire inability to appreciate the dangerous conditions under which they were working. The statute not only prohibits the factory owner from employing children under the specified age, but it prohibits the parent or custodian of the child from allowing or permitting the child to work in such a place. It does not appear for how long a time this little boy was engaged at work in the defendant's factory before the injuries were received by him which are made the foundation of this suit, but it can hardly be supposed that he was engaged at work there without the knowledge and consent of his father. Moreover, as a rule of pleading, it is to be presumed to the contrary, that is, that he was there with such knowledge and permission, for in order to entitle him to recover in the present action, the burden rests upon the father to show that the injury which came to his son was not to any extent the result of any violation of law on his part, and his failure to negative in his complaint the fact that he was a consenting party to his son's employment requires the fact to be concluded against him.

The injury of the plaintiff's son is the direct result of the joint violation of the act of 1904 by the defendant and the plaintiff, and the stripping of the child of that protection which the legislature by that statute declared he should have.

The plaintiff can take nothing by way of compensation for a loss which has come to him as the direct result of his own violation of law, and for this reason the judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 16.

*For reversal*—None.