## KRUCZKOWSKI *v.* POLONIA PUBLISHING CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—MINORS —HAZARDOUS EMPLOYMENT.

    Under the provisions of section 11, Act No. 285, Pub. Acts 1909, as amended (2 Comp. Laws 1915, § 5332), prohibiting the employment of any male under the age of 18 years in any hazardous employment, where a boy has not attained the age at which he may lawfully be employed in the occupation or work in which he is injured, he cannot be regarded as an employee, within the provisions of the workmen's compensation act.

2. SAME—"EMPLOYEE."

    A valid contract of employment in the work in which the minor was injured is essential in order that such person may be an "employee" under the workmen's compensation act.

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

3. Statutes—Minors—Child Labor Laws—Master and Servant.
   The object of statutes regulating the employment of minors is threefold: To prevent persons of immature judgment from engaging in hazardous occupations; to prevent employment and overwork of children during the period of their mental and physical development; and to prevent, as far as the law is able to prevent it, a competition between weak and underpaid labor and mature men.

4. Master and Servant — Minors — Hazardous Employment — Personal Injuries—Assumption of Risk—Fellow Servant.
   *Held,* that children who are unlawfully set at work in hazardous employments and are injured therein, without fault or negligence on their part, should have the benefit of a common-law action against the wrongdoer, where the defenses of assumption of risk and negligence of a fellow servant are not available to a defendant.

5. Same—Negligence—Assumption of Risk—Illegal Contract— Statutory Duty.
   Since assumption of risk is the result of a contract of employment, and the employer cannot legally contract to violate a statute, the servant does not assume the risk due to the omission of a statutory duty on the part of the employer.

Error to Wayne; Davis, J., presiding. Submitted June 4, 1918. (Docket No. 11.) Decided September 27, 1918.

Case by Joseph Kruczkowski, an infant, by his next friend, against the Polonia Publishing Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Clark, Emmons, Bryant & Klein,* for appellant.

*Dohany & Dohany,* for appellee.

Stone, J. The sole meritorious question raised and discussed by counsel in this case is whether the plaintiff had a right to bring this action to recover damages for a personal injury, or whether he should have

proceeded under the workmen's compensation act (2 Comp. Laws 1915, § 5423 *et seq.*).

It appeared that at the time of his injury, the plaintiff was 15 years, 8 months, and 5 days old. The injury occurred on February 4, 1915. The plaintiff went to work for the defendant in the month of December, 1914, as an errand or messenger boy, and so continued until the day of the accident, when his work was changed to operating a Gordon press. He had never worked anywhere before he was employed by the defendant. At the time of soliciting employment by the defendant, plaintiff took with him and produced his "working papers" and left them with the defendant. These papers authorized his employment in nonhazardous employment, but said plaintiff was not allowed to be employed in any hazardous employment.

It further appeared that the defendant was a private corporation engaged in the conducting of a printing establishment, and had accepted the provisions of Act No. 10 of the Public Acts of 1912, Extra Session, and had complied with all the provisions thereof, and that said acceptance had been approved by the industrial accident board of this State, and that due notice thereof had been posted in a conspicuous place in the plant or place of work of the defendant, and that the plaintiff had entered the employ of the defendant subsequent to said acceptance, and subsequent to the approval of said acceptance by said board, and subsequent to the said posting of notices thereof; and that at the time of the entering into said contract of hire, as errand or messenger boy, the plaintiff did not notify defendant in writing that he elected *not* to be subject to the provisions of said act. It was therefore claimed by the defendant that the court had no jurisdiction to hear, try and determine the matters and things in the declaration alleged. There was a plea to the jurisdiction of the court, in the nature of a

plea in abatement, and the same matters of defense were also claimed in a notice under the general issue. The plaintiff alleged and testified that he was set at work by the defendant to run a Gordon press, a hazardous employment, without proper instruction, and that while thus at work his right hand was so mangled and injured in the machinery that he suffered the loss of a number of fingers, and a part of the hand, thus rendering the same useless; all without any negligence on his part.

By section 11 of Act No. 285 of the Public Acts of 1909, as amended by Act No. 220, Pub. Acts 1911 (2 Comp. Laws 1915, § 5332), it is provided that no male under the age of 18 years shall be employed in any hazardous employment.

Upon the trial at the close of the plaintiff's case, and again at the close of all of the evidence, the defendant moved the court for a directed verdict upon the ground that, there being evidence of the defendant's compliance with the compensation act, the court had no jurisdiction. These motions were overruled and defendant duly excepted. The questions of defendant's negligence, and whether the employment was a hazardous employment, and whether the plaintiff was guilty of contributory negligence were duly submitted to the jury in a proper charge. At the defendant's request the following special question was also submitted to the jury:

"Was the employment of the plaintiff at the Gordon press, under all the evidence in this case, a hazardous employment within the meaning of section 11 of Act No. 220 of the Public Acts of 1911?"

This question was by the jury answered in the affirmative, and a general verdict for the plaintiff in the sum of $2,500 damages was returned. Thereupon, and within the time allowed, the defendant filed a

motion for judgment notwithstanding the verdict, raising the same question. This motion was denied, and a judgment for the plaintiff in accordance with the verdict was duly entered. The same question was raised in a motion for a new trial, which being denied the defendant duly excepted, and the case is here upon writ of error. ·

By its assignments of error the same question is presented. Upon the questions of fact involved there was evidence to sustain the verdict, and there is no claim that the verdict was contrary to the weight of the evidence. Appellant calls attention to the following provisions of the compensation act. Section 4 of part 1 (2 Comp. Laws 1915, § 5426) provides that:

"Any employer who has elected with the approval of the industrial accident board hereinafter created, to pay compensation as hereinafter provided, shall not be subject to the provisions of section one; nor shall such employer be subject to any other liability whatsoever, save as herein provided for the death of, or personal injury to any employee, for which death or injury compensation is recoverable under this act, except as to employees who have elected in the manner hereinafter provided *not* to become subject to the provisions of this act."

The position taken by counsel for plaintiff, and held by the trial court was, that plaintiff was not within the operation of the compensation act because he was employed at a hazardous employment, which is prohibited by the statute upon that subject. This raises the question whether a minor legally employed at nonhazardous work, but prohibited by another section of the statute from being employed about dangerous machinery, or at hazardous employment, comes within the operation of the workmen's compensation act. So far as we know there are no adjudicated cases in this State upon this proposition.

Subdivision 2 of section 7 of part 1 of the act (2

Comp. Laws 1915, § 5429) defines employees as follows:

"Every person in the service of another under any contract of hire, express or implied, oral or written, including aliens, and also including minors who are legally permitted to work under the laws of the State who, for the purposes of this act, shall be considered the same, and have the same power to contract as adult employees, but not including any person whose employment is but casual or is not in the usual course of the trade, business, profession or occupation of his employer."

If the plaintiff comes within the purview of this section of the act, obviously he cannot recover in this action. What interpretation should be given the words, "and also including minors who are legally permitted to work under the laws of the State?"

In *Hetzel* v. *Wasson Piston Ring Co.,* 89 N. J. Law, 202 (98 Atl. 308), a minor was employed contrary to law, and in holding that the workmen's compensation act did not apply, but that defendant was liable under the common law, the court used the following language:

"It can hardly be doubted that the legislature, in providing for the engrafting of these statutory provisions on contracts of hiring, had in mind contracts which were valid in law, or, at least, contracts the making of which was not prohibited by express legislative enactment; for it would be entirely unreasonable to attribute to the legislature the intention of adding terms to a contract of hiring which it had already prohibited the parties from making."

Is it not a fair interpretation of the statute to say that the words "minors who are legally permitted to work under the laws of the State," refer to, and mean, the work being performed when the accident occurs, and do not refer to an illegal employment? Section 11, Act No. 220, Pub. Acts 1911, which was on the

statute books at the time the workmen's compensation act was passed, clearly prohibits the employment of a minor 15 years of age in any hazardous employment. Section 10 of the same act permits the employment of minors under 16 years of age at a nonhazardous employment, if the minor has a permit granted by the proper authorities. The employment permit in evidence contains the following:

"Said child is, therefore, hereby granted permission to be employed in accordance with said law."

It is apparent that when his employment was changed from nonhazardous to hazardous work, his employment was contrary to law, and in violation of the permission granted in the employment permit. The law seems to be that where a child has not attained the age at which he may lawfully be employed in the occupation or work in which he is injured, he cannot be regarded as an employee, within the provisions of a compensation act. *Hetzel* v. *Wasson Piston Ring Co., supra; Hillestad* v. *Industrial Ins. Commission,* 80 Wash. 426 (40 Ann. Cas. 1916B, 789, 141 Pac. 913) ; *Stetz* v. *Mayer Boot & Shoe Co.,* 163 Wis. 151 (156 N. W. 971). But in *Foth* v. *Macomber & Whyte Rope Co.,* 161 Wis. 549 (154 N. W. 369), it was held that the rule did not apply to a minor who was at the time of entering the employer's service, legally authorized to engage in the occupation for which he contracted to work, but was not permitted by law to do the particular work in which he was injured. In our opinion the better rule is that to permit a minor employee to be regarded as within the meaning and provisions of the compensation act, there must be a valid contractual relation, and a contract to be employed in the work in which he was injured; that a contract which is illegal, or in violation of a statute, will not suffice. A valid contract of employment in

the work in which the minor was injured is essential in order that such person may be an "employee" under the act. The statutes regulating the employment of minors, are humane statutes, and their violation is made a misdemeanor. Their object, in part, is the protection of the child. It has been said that the object of such laws is threefold: To prevent persons of immature judgment from engaging in hazardous occupations to their peril; to prevent employment and overwork of children during the period of their mental and physical development, and to prevent, so far as the law is able to prevent it, a competition between weak and underpaid labor and mature men, who owe to society the obligations and duties of citizenship.

We should not lose sight of what is best for the child. The law not only discourages, but prohibits the employment of children in hazardous employments. It is casting no disparagement upon the workmen's compensation law to hold that its provisions were not intended to apply to children who are unlawfully set at work in hazardous employments; and that when they are injured in such employments, without fault or negligence on their part, that they should have the benefit of a common-law action against the wrongdoer, where the defenses of assumption of risk and negligence of a fellow servant are not available to a defendant. Such a holding will, in our opinion, have a tendency to discourage such illegal employment, and be a benefit to the minor.

The following decisions of this court are to the effect that the neglect or violation of a statutory duty by an employer is itself actionable negligence; and that as the assumption of risk is the result of a contract of employment, and the employer cannot legally contract to violate a statute, the servant does not assume the risk due to the omission of a statutory duty on the part of the employer. *Sipes* v. *Michigan Starch*

*Co.,* 137 Mich. 258; *Sterling* v. *Union Carbide Co.,* 142 Mich. 284; *Murphy* v. *Grand Rapids Veneer Works,* 142 Mich. 677; *Swick* v. *Ætna Portland Cement Co.,* 147 Mich. 454.

Upon the subject of the defense of the fault of a fellow servant, and the concurring negligence of .the master, see *Syneszewski* v. *Schmidt,* 153 Mich. 438; *Kleinfelt* v. *J. H. Somers Coal Co.,* 156 Mich. 473.

We find no reversible error in the record, and the judgment of the circuit court is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.