WESTERN UNION TELEGRAPH CO. *v.* MRS. ESTELLE AUS-
BROOKS.*

(*Nashville.* December Term, 1923.)

1. **MASTER AND SERVANT.** Compensation Act inapplicable to in-
jury to minor in unlawful employment.

The Workmen's Compensation Act cannot be claimed by any em-
ployer to be applicable to bar an action to recover for the death
of a minor where the minor was killed at a time of the day when
his employment was unlawful, and the employer did not have on
file an employment certificate, in view of Shannon's Ann. Code,
sections 4433a84, 4433a87, and 4433a88, it being immaterial that
the minor's employment would have been lawful during certain
hours of the day, if his employer had had on file the required em-
ployment certificate, or that the minor, or his representatives,
might elect to ratify his employment, and thereby become en-
titled to claim benefits under the Workmen's Compensation Act.
(*Post, pp.* 617-622.)

Cases cited and approved: Acklin Stamping Co. v. Kutz, 98 Ohio
St., 61; Kruczkowski v. Polonia Pub. Co., 203 Mich., 211; Los-
tuter v. Brown Shoe Co., 203 Ill. App., 517; Messmer v. Indus-
trial Bd., 282 Ill., 562; Taglinette v. Sydney Worsted Co., 42 R.
I., 133; Pettee v. Noyse, 133 Minn., 109; Fulton Co. v. Mass.
Bonding & Ins. Co., 138 Tenn., 278.

Case cited and distinguished: Manning v. American Clothing Co.,
147 Tenn., 274.

---

*On applicability and effect of Workmen's Compensation Acts in
case of injury to infants illegally employed, see note in 14 A. R. L. 818.

On questions relating to application to minors of Workmen's
Compensation Laws see note in L. R. A. 1917D, 90 and L. R. A. 1918F,
209.

On necessity that injury to child proximately result from em-
ployment in violation of statute, see notes in 1 B. R. C. 634 and 48
L. R. A. (N. S.) 661.

Codes cited and construed: Secs. 4433a84, 4433a87, 4433a88 (S.); Sec. 1465-61 (Gen.).

2. **INFANTS.** Minor's contracts are voidable, but contracting party bound at minor's election.

Usually a minor's contracts are voidable, though the party contracting with him is bound if the minor elects. (*Post, pp.* 622-624.)

Cases cited and approved: Smith v. Evans, 24 Tenn., 70; Wheaton v. East, 13 Tenn., 41.

Case cited and distinguished: Biggs v. Reliance Life Ins. Co., 137 Tenn., 598.

3. **MASTER AND SERVANT.** Unlawful employment held proximate cause of minor's death.

Where a minor was employed after seven p. m. to deliver telegrams in violation of Shannon's Ann. Code, sections 4433a84, 4433a87, and while so working after that hour was killed by collision between an automobile and the bicycle which he was riding, *held*, that the unlawful employment was the proximate cause of his death. (*Post, pp.* 624-627.)

Acts cited and construed: Acts 1911, sec. 1, ch. 57; Acts 1913, sec. 1, ch. 47; Acts 1917, sec. 1, ch. 77.

Cases cited and approved: Iron & Wire Co. v. Green, 108 Tenn., 161; Harrison v. Rascoe, 139 Tenn., 511.

Case cited and distinguished: Queen v. Dayton Coal & Iron Co., 95 Tenn., 458.

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. A. B. NEIL, Judge.

FRANCIS R. STARK, CHAS. T. CATES, JR., and BASS, BERRY & SIMS, for Western U. Tel. Co.

Western Union Tel. Co. v. Ausbrooks.

T. T. McCarley and J. G. Stephenson, for Ausbrooks.

Mr. Chief Justice Green delivered the opinion of the Court.

Mrs. Estelle Ausbrooks, administratrix, recovered a judgment for $13,500 damages against the Western Union Telegraph Company for the death of her son, who was killed while in the service of that company as a messenger boy. The judgment was affirmed by the court of civil appeals, and a petition for *certiorari* to review the action of that court was filed by the Telegraph Company. The petition was granted and the case has been argued in this court.

Evidence was introduced on behalf of plaintiff below which tended to show that the Ausbrooks boy was fifteen years of age when he was killed; that at the time of his employment the defendant below did not have on file an employment certificate from the county superintendent of schools; and that the boy was sent out to deliver several messages about 6 p. m., making it necessary for him to take a route which he could not reasonably have been expected to cover before 7 p. m. The boy was killed by a collision between an automobile and the bicycle which he was riding at 7:20 p. m. at a point on the route which he would naturally have pursued on this errand. The mother was ignorant of the boy's employment.

The material sections of our Child Labor Laws are as follows:

"It shall be unlawful for any proprietor, foreman, owner, or other person to employ, permit, or suffer to work any child less than fourteen years of age in, about, or in connection with any mill, factory, workshop, cannery, laun-

dry, telegraph, or telephone office, or in the distribution or transmission of merchandise or messages. And no child under sixteen years of age shall be employed, permitted, or suffered to work in any of the occupations named in this section between the hours of six o'clock in the evening and six o'clock in the morning of any one day." Section 4433a84, Shannon's Anno. Code.

"It shall be unlawful for any proprietor, foreman, owner, or other person to employ, permit or suffer to work any child between the ages of fourteen and sixteen years in, about, or in connection with any place or establishment named in section 4433a84, more than eight hours in any one day, or more than six days in any one week, or after the hour of 7 o'clock *post* meridian, or before the hour of 6 o'clock *ante* meridian, or to employ any child under eighteen years of age as a messenger for a telegraph or messenger company in the distribution, transmission, or delivery of goods or messages before five o'clock in the morning or after ten o'clock in the evening of any day." Section 4433a87, Id.

"It shall be unlawful for any proprietor, foreman, owner, or other person to employ, permit or suffer to work any child between the ages of fourteen and sixteen years in, about, or in connection with any place or establishment named in section 4433a84, unless said proprietor, foreman, owner, or other person keep on file and accessible to the shop and factory inspector an employment certificate which shall be issued only by the county superintendent of schools, or by a person authorized by him in writing in the city, town, or village where such child resides, or in the city, town, or village, in which the child is to be employed, and only upon the application, in person, of the

child desiring employment, accompanied by its parent, guardian, or custodian. . . ." Section 4433a88, Id.

It is first insisted by the telegraph company that there should have been a directed verdict in its favor, because it is contended that the Workmen's Compensation Act (chapter 123 of the Acts of 1919) applies, and that there can be no recovery at common law.

In *Manning* v. *American Clothing Co.*, 147 Tenn., 274, 247 S. W., 103, it was said that, while there is some conflict of authority—"the rule is announced by the great weight of authority to be that the employment contemplated by the provisions of the Workmen's Compensation Acts is a lawful employment, and that these acts are inapplicable in case of an injury to a minor whose employment is unlawful."

Numerous authorities are referred to in that opinion. The question was considered again on an elaborate petition to rehear filed in that case, which was denied, and we are satisfied to adhere to the ruling. An examination of the authorities upon which *Manning* v. *American Clothing Co.*, rests shows that they were not all determined upon peculiar phraseology of the statutes under consideration. Several of the statutes are quite similar to ours, which provides (section 2 [b]) that—An " 'Employee' shall include every person, including a minor, in the service of an employer, as 'employer' is defined in paragraph (a) above, under any contract of hire, apprenticeship, written or implied."

Some of the statutes say employees shall include minors "legally permitted to work." Others are construed to refer only to such minors. In *Manning* v. *American Clothing*

*Co.,* the court concluded its discussion of this question by saying:

"It is therefore manifest that plaintiff in error's employment by defendant in error in its factory was unlawful, and the Workmen's Compensation Act is inapplicable for the reason that the employment of minors therein provided for has reference to minors whose employment is not prohibited by statute."

A distinction is sought to be made between *Manning* v. *American Clothing Co.,* and the case before us on the idea that in the former case the rights of a minor under fourteen years of age, whose employment was absolutely forbidden, were under consideration. The Ausbrooks boy was between fourteen and sixteen years of age, and his employment was not unlawful under certain conditions; that is, his employment was lawful during certain hours provided his employer had on file the employment certificate. The argument is that the contract of employment with this boy was not prohibited by statute, but was authorized by statute upon conditions, and was not invalidated because of the failure of the defendant to comply with these conditions which are said to be collateral.

Such argument has been rather generally rejected by the courts.

"With the exception of Wisconsin, the courts in the cases within the scope of this annotation have not recognized any distinction between the employment of a minor who could not be lawfully employed at all, and a minor who might be employed under conditions as to the nature of the work, or permit, which were not satisfied in the instant case." Note, 14 A. L. R., 825.

The annotator cites in support of the foregoing *Acklin*

*Stamping Co.* v. *Kutz,* 98 Ohio St., 61, 120 N. E., 229, 14 A. L. R., 812; *Kruczkowski* v. *Polonia Pub. Co.,* 203 Mich., 211, 168 N. W., 932; *Lostuter* v. *Brown Shoe Co.,* 203 Ill. App., 517; *Messmer* v. *Industrial Bd.,* 282 Ill., 562, 118 N. E., 993; *Taglinette* v. *Sydney Worsted Co.,* 42 R. I., 133, 105 Atl., 641; *Pettee* v. *Noyse,* 133 Minn., 109, 157 N. W., 995—which cases fully sustain it.

In *Acklin Stamping Co.* v. *Kutz,* supra, it was said:

"We think that it was intended by this clause to exclude from the operation of the provisions of the act minors whose employment is illegal. We cannot subscribe to the view that it was intended to mean minors who may be legally employed to work under the laws of the State at some occupation, at some time and under certain circumstances, regardless of whether the minor was eligible for employment in the work or occupation in which he was engaged at the time of his injury. The test is, Was the employment of the minor in the given case illegal? If there has been on the part of the employer a violation of the statutes of this State enacted for the protection of children, the employer cannot avail himself of the provisions of the Workmen's Compensation Act."

The Ohio statute (Gen. Code, section 1465—61) provides that employees include minors "legally permitted to work," but, since our statute has been construed to mean the same thing, as against the employer, the quotation is apposite.

In *Fulton Co.* v. *Mass. Bonding & Ins. Co.,* 138 Tenn., 278, 197 S. W., 866, it was held that the employment of a minor between fourteen and sixteen years of age without the sworn statement which the employer was then required

to have on file was an employment in violation of the "law as to age."

We are of opinion, therefore, that the employment of the deceased boy to work after 7 o'clock, and his employment without the certificate provided by the statute—his employment at the particular time he was killed—was just as unlawful as would have been his employment at any time had he been less than fourteen years of age.

We doubt that a minor, although unlawfully employed, should be deprived of the benefits of our compensation statute, if he claims them. Our Child Labor Laws penalize the employer, not the child, and the employer should not be permitted to use them as a shield. A contrary holding in some cases may be ascribed to language in the statutes which excludes entirely from their operation such minors. 28 R. C. L., 766.

A minor's contracts, generally speaking, are voidable. The minor can repudiate such contracts or can elect to claim their advantage. The party contracting with a minor, however, is bound on such voidable contracts, if the minor elects to enforce them. Smith v. Evans, 5 Humph., 70, 78; Wheaton v. East, 5 Yerg., 41, 60, 26 Am. Dec., 251.

Operation under our statute is a matter of election, or contract, not compulsion.

The benefits of the workmen's compensation statute are merely incidents or consequences which the law imposes upon employment contracts. If the minor elects to ratify his contract of employment, or such an election be made for him by proper authority then he may claim all the earned benefits of his contract. Nor do we see why such a contract should be more binding upon him than any

other, if entered into under an age or under conditions not permitted by law.

It is urged by counsel that, if the broad doctrine of *Manning* v. *American Clothing Co.*, be followed, any employee who works under conditions prohibited by the labor laws will be unlawfully employed, and therefore denied the benefits of the workmen's compensation statute. For instance, if female employees work in a place where a suitable seat is not provided for them when they are not engaged, or if employees work in violation of the statutes regulating ventilation, fire escapes, etc., it is said that all such employment is unlawful, and will deprive the employees of compensation under our interpretation of the statute.

We think no such consequences follow the decision. The several statutes referred to by counsel were intended for the protection of employees. They were aimed at employers and prohibited certain derelictions of employers. It is to such a situation that *Biggs* v. *Reliance Life Ins. Co.*, 137 Tenn., 598, 195 S. W., 174, is applicable. In that case it was said that, in arriving at the effect of a statute on the validity of a contract—"there is open for consideration the objects in reach of the statute, its subject-matter, the mischiefs aimed to be corrected, the class of persons sought to be controlled, and whether the legislative intention will be subserved by holding the policy contract valid or invalid."

And it was held that the insurance policy, though issued in violation of the statute regulating rebates of premiums by Insurance Companies or agents, was valid in the hands of a policy holder, and in the hands of the beneficiary. The rebate statute was directed against the insurer, not the insured.

So the employer who violates the labor laws enacted to control him cannot urge his wrongdoing as a defense against an employee's claim under the compensation statute. No legislative intent would be subserved by upholding such a defense as this.

But it was further contended in support of the motion for a directed verdict below that the employment of this boy, even if unlawful was not the proximate cause of his death and that there could be no recovery.

The trial judge was of opinion that the employment of the boy without the certificate could not be considered as a proximate cause of his death, and so instructed the jury. He told the jury, however, in substance, that, if the boy met his death while engaged in the performance of the duties contemplated in his unlawful employment, the unlawful employment might be considered as the proximate cause of his injuries. That is, if he was employed to work after 7 p. m. delivering messages, and was killed while so working after that hour, then such an unlawful employment might be considered as a proximate cause.

Without passing on the propriety of the first instruction we think the latter instruction was correct, and in harmony with the majority of the decided cases. See note 48 L. R. A. (N. S.), 655, 662. This instruction was certainly authorized by our own cases.

'So we think the employment of this minor, in violation of the provision of the statute in question, was an act of negligence on the part of the defendant, and, a causal connection between the employment and the injuries sustained by the boy being shown, a case of liability is made out. Of course we do not hold that if the boy had died of or-

ganic disease of the heart, or from a stroke of paralysis, or from some cause, wholly disconnected with his employment, the company would have been liable in damages, simply on account of the employment in violation of the statute. But we do hold that the breach of the statute is actionable negligence whenever it is shown that the injuries were sustained in consequence of the employment." *Queen* v. *Dayton Coal & Iron Co.*, 95 Tenn., 458, 464, 32 S. W., 460, 461 (30 L. R. A., 82, 49 Am. St. Rep., 935).

This case was followed and approved in *Iron & Wire Co.* v. *Green,* 108 Tenn., 161, 65 S. W., 390, and in *Harrison* v. *Rascoe,* 139 Tenn., 511, 202 S. W., 69, and in other cases.

In *Iron & Wire Co.* v. *Green* supra, the court went further than it is necessary to go here, and said of an unlawful employment of a minor who was injured:

"The very employment is a violation of the statute, and every injury that results therefrom is actionable."

In the case before us, according to the proof of plaintiff below, the employment of the Ausbrooks boy was negligent and he met his death in consequence of—while engaged in—his employment. Therefore there is liability.

We cannot assent to the argument that the statute prohibiting minors between fourteen and sixteen years of age from being employed after 7 p. m. was not passed for their protection from physical injuries as well as from overwork and temptation.

Referring to section 4433a84, Shannon's Anno. Code, heretofore quoted, it will be noted that it is absolutely prohibited to employ children under fourteen years of age about any mill, factory, workshop, cannery. laundry, telegraph or telephone office, or in the distribution or trans-

148 Tenn.—40

mission of merchandise or messages. This was section 1 of chapter 57 of the Acts of 1911. Subsequently, by section 1, chapter 47, of the Acts of the First Extra Session of 1913, it was prohibited to employ minors under sixteen years of age in any of such avocations between 6 o'clock in the evening and 6 o'clock in the morning. Later, by section 1, chapter 77, of the Acts of 1917, it was made lawful to employ such minors up to 7 o'clock in the evening.

The legislature manifestly classed employment by telephone and telegraph companies, or employment in the distribution of merchandise or messages, along with employment in mills, factories, and laundries. Undoubtedly they considered all these things dangerous. It would be going further than we dare to say that these statutes had in mind only the protection of the health and morals of children. Such considerations no doubt influenced the legislature, but we think the lawmakers clearly had in mind in all these acts the protection of children from accidents. In this particular case, while traffic on the streets may not be so heavy after 7 p. m., such vehicles as are out run faster, darkness interferes with safety, a child grows sleepy, and it is altogether reasonable that the legislature should have considered a messenger boy in more danger on the streets after 7 p. m. than at an earlier hour.

We have not undertaken to discuss all the authorities relied upon by counsel for plaintiff in error. We think the main points in the case are settled by our own decisions.

The views that we have expressed as to the law make it unnecessary to consider in detail the criticisms of the charge of the trial judge. The other matters assigned for

Western Union Tel. Co. v. Ausbrooks.

error do not seem to us to be material. We cannot see that any of these things could have affected the result below, and the judgment of the lower courts is accordingly affirmed.

It should be added that the opinion of the court of civil appeals is a very satisfactory discussion of the case, and covers all the points. We have therefore included in our discussion only those questions about which it seemed desirable to write.