GEORGE M. SAUNDERS *v.* PARKE P. SWANN, *et al.*[*]

(*Nashville.*   December Term, 1926.)

Opinion filed, April 9, 1927.

### 1. CONSTITUTIONAL LAW.  Statutes.  Class legislation.

When all who come within the defined terms of a statute, are treated alike, accorded the same privileges and subject to the same restrictions, a limitation ordinarily will not be held unreasonable and arbitrary as in violation of the Constitution. (Post, p. 312.)

Citing: Constitution, Art. XI, sec. 8.  Kirk v. State, 126 Tenn, 7.

### 2. SAME.  Same.  Same.  Acts 1925, chapter 99.

The Act of 1925, chapter 99, limiting the practice of any one "Itinerant Optometrist," as there defined, to not more than any three counties in the State as he may select, is not unconstitutional. (Post, p. 312.)

### 3. SAME.  Police power of State.  Exemptions.

The power is vested in the legislature to make such laws as it shall judge to be for the public good, and may create exemption to persons who do not come within the purpose of the act. (Post, p. 312.)

Citing: McNaughton v. Johnson, 242 U. S., 344, 61 L. Ed., 352.

### 4. OPTOMETRIST, OCCULISTS AND OPTHALMOLOGISTS.

Are distinct classes, the first an occupation or vocation; the latter recognized as a learned profession. (Post, p. 312.)

---

[*]Headnotes 1, 2.  Constitutional Law, 12 C. J., sections 390, 858, 860; Physicians and Surgeons, 30 Cyc., p. 1548; 3.  Constitutional Law, 12 C. J., section 860; Physicians and Surgeons, 30 Cyc., p. 1548; 4.  Physicians and Surgeons, 30 Cyc., p. 1548.

---

FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County. —HON. JAMES B. NEWMAN, Chancellor.

R. P. DEWS, for Saunders.

CORNELIUS & WADE, for Swann.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This bill was brought under the Declaratory Judgment Act to test the constitutionality of chapter 99, Acts of 1925, regulating the practice of Optometry. The Chancellor sustained the act.

While several of its provisions are attacked as in violation of section 8 of articles XI and I, the provision most specifically complained of appears to be that limiting the practice of any one "Itinerant Optometrist," as defined in the act, to not more than any three such counties in the State as he may select. We are not of opinion that this limitation is so unreasonable and arbitrary as to violate the constitution. It applies alone to the itinerant optometrist—to those and to *all* of those—of that class only, and the classification is therefore unobjectionable. And sound reason can be conceived of as having actuated the General Assembly in restricting the licensee to three counties to be selected by any such an itinerant practitioner. Upon the wisdom and effectiveness of the legislation the courts may not pass. No unjustifiable discrimination is apparent. All who come within the defined term, "Itinerant Optometrist," are treated alike,—accorded the same privileges and subjected to the same restrictions. See *Kirk* v. *State,* 126 Tenn., 7, approving the distinction between itinerant and locally resident practitioners.

Again, we are of opinion that the exemptions complained of apply to sufficiently distinctive classes. Oculists and Opthalmologists belong to a distinct class from Optometrists. The first has relation to the practice of medicine and surgery in the treatment of diseases of the eye; and the second to the measurement of—fitting of glasses to—the eye. We think that the distinction is quite generally understood—the one being recognized as a learned profession, and the other as an occupation or vocation calling for a degree of mechanical skill and experience.

Nor are the exemptions improperly extended to resident merchants who do not "fit" glasses. Obviously, these merchants do not come within the purpose of the act.

A number of the States have statutes similar in their general provisions to the act before us, and the courts have uniformly held these enactments to be valid exercise of the police power. See *McNaughton* v. *Johnson,* 242 U. S., 344, 61 L. Ed., 352.

We find no error in the decree of the Chancellor and it is affirmed.