THOMAS M. WALSH, ADMINISTRATOR, *v.* MYER HOTEL COMPANY.

(*Nashville,* December Term, 1929.)

Opinion filed July 19, 1930. Petition to rehear denied December 13, 1930.

HUME & ARMISTEAD, for plaintiff in error.

H. FRANK TAYLOR, NORMAN MINICK, W. E. NORVELL, JR., and WHITE & HOWARD, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is a common-law action for damages, brought for the death of the plaintiff's intestate, who met death by accident while engaged in the performance of his duties pursuant to his employment by the defendant as the operator of a passenger elevator. The suit was dismissed in the circuit court upon the overruling of plaintiff's demurrer to a plea which averred that the defendant's liability was controlled and limited by the provisions of the Workmen's Compensation Law, Acts 1919, chapter 123. From the judgment of dismissal the plaintiff has appealed to this court.

The declaration avers that at the time of the accident, which occurred in the City of Nashville, plaintiff's intestate was only seventeen years of age, and that there was in force an ordinance of the city government, providing:

"No person under the age of eighteen years shall operate, control, manage or be in charge of any elevator. No person, firm or corporation shall employ a person

under the age of eighteen years to operate, control, manage, or have charge of any passenger elevator in the City of Nashville.''

This provision was a section of the general ''building laws'' of the city, regulating the construction and use of buildings.

It is contended for the plaintiff that the effect of this ordinance was to render unlawful the contract of employment, and that the Workmen's Compensation Law, for that reason, had no effect upon the respective rights and liabilities of the parties; that the relationship of employer and employe, within the meaning and application of the compensation law, did not come into existence by the employment of the boy to perform work which he was forbidden to perform by the city ordinance, and which the defendant was forbidden to permit him to do. Upon this premise, it is contended that the plaintiff, as administrator, may maintain this action for damages, on account of the various acts of negligence on the part of the defendant set out in the declaration.

In *Manning* v. *American Clothing Co.*, 147 Tenn., 274, this court, recognizing a conflict of authority on the point, ruled that ''the employment contemplated by the provisions of the Workmen's Compensation Acts is a lawful employment, and that these acts are inapplicable in case of an injury to a minor whose employment is unlawful.'' This holding was followed in the subsequent cases of *Western Union Tel. Co.* v. *Ausbrooks*, 148 Tenn., 615, and *Knoxville News Co.* v. *Spitzer*, 152 Tenn., 614. In *Western Union Tel. Co.* v. *Ausbrooks* it was, however, recognized that the penalty of the laws prohibiting the employment of children is upon the employer and not upon the child employed, such laws being enacted pri-

marily for the benefit and protection of the children whose employment is made unlawful; and on that account, the court intimated that a minor, although unlawfully employed, should not be deprived of the benefits of the compensation statute, if, when injured as an incident to such employment, he elects to claim them.

There is no express provision of the compensation statute excluding from its provisions contracts for the employment of minors which are unlawful because in violation of child labor statutes. On the contrary, the only express language of the statute which is pertinent is the provision of section 2 defining the term "employe" as including "every person, including a minor, in the service of an employer, . . . under any contract of hire, apprenticeship, written or implied." Inasmuch as the compensation act contains no language expressly excluding from its operation contracts which are unlawful because of the incapacity of one of the parties thereto, the exclusion of such contracts by judicial construction must result from a determination that such exclusion is in accord with the legislative intent. In *Hetzel* v. *Wasson Piston Ring Co.,* — N. J., —, 98 Atl., 306, L. R. A. 1917D, 75, the New Jersey Court of Errors and Appeals excluded from the operation of the compensation law of that State a contract of hiring of a boy under the statutory age upon this theory, as indicated in the following quotation:

"The Workmen's Compensation Act declares that every contract of hiring made subsequently to the time of its going into effect shall be presumed to have been made with reference to the provisions of the act, and the parties to the contract shall be presumed to have accepted them, unless written notice to the contrary is

given by one of the contracting parties to the other; and that in the employment of minors the act shall be presumed to apply unless the written notice shall be given by or to his parent or guardian.

"It can hardly be doubted that the legislature, in providing for the ingrafting of these statutory provisions on contracts of hiring, had in mind contracts which were valid in law or, at least, contracts the making of which was not prohibited by express legislative enactment; for it would be entirely unreasonable to attribute to the legislature the intention of adding terms to a contract of hiring which it had already prohibited the parties thereto from making."

The compensation act expresses the general public policy of the State with reference to the respective rights and obligations of employers and employes growing out of injuries received by employes in the furtherance of the employer's business. It has been held that the legislature, by the enactment of the statute, intended "to require industry to provide for its own casualties and to relieve society of that burden." *Bohlen-Huse Coal & Ice Co.* v. *McDaniel*, 148 Tenn., 628, 633-634. The public, as well as the parties to an employment, is therefore interested in the application of the statute. And the legislature has declared, in section 47 of the statute, that it is to be considered: "a remedial Act which shall be given an equitable construction by the courts to the end that the objects and purposes of this Act may be realized and attained."

The language of this court in *Manning* v. *American Clothing Company* and in *Western Union Telegraph Company* v. *Ausbrooks*, cited above, that "the employment contemplated by the provisions of the Workmen's

Compensation Acts is a lawful employment," etc., was used with reference to contracts in violation of a State law regulating the employment of minors; and we think the sound reason for the holding in those cases is, as stated by the New Jersey Court in the case above cited, that "it would be entirely unreasonable to attribute to the legislature the intention of adding terms to a contract of hiring which it had already prohibited the parties thereto from making."

This reason or ground of exclusion must fail when the illegality of the contract of employment arises solely from a violation of a municipal ordinance regulating the employment of minors within the restricted area of a municipality. It cannot be presumed that the legislature intended to exclude from the operation of the compensation statute a contract rendered unlawful because of some local municipal ordinance, which may not have been in existence at the date the compensation law was enacted, and of the terms and provisions of which the legislature could not have been advised.

The compensation law was enacted as a general statute of uniform application throughout the State. The exclusion from its application of contracts prohibited locally by municipal ordinance would destroy this uniformity; and in the absence of an express provision to that effect, we cannot assume that the legislature intended to place the local application of the statute within the regulatory discretion of municipal governments.

The compensation act of the State of Louisiana contains a provision that the act "shall not apply to employes of less than the minimum age prescribed by law for the employment of minors" in certain trades and occupations. The Supreme Court of that State held that

this excluding language "had reference only to the minimum age prescribed by laws of the State, . . . and not to the ages fixed by municipal ordinances as a requisite to obtaining permits to engage in certain occupations." The court said: "It was not the intention of the Legislature to make the applicability of the Employers' Liability Act depend to any extent upon the will of municipal councils, and the Legislature did not do so." *Plick v. Toye Bros. Auto & Taxicab Co.,* 169 La., 44, 124 So., 140.

We are cited to no other direct authority ruling the question before us. The case of *Novack v. Montgomery Ward & Co.,* — Minn., —, 198 N. W., 290, does not involve an ordinance affecting the contract of employment and is, therefore, hardly in point.

The compensation statute does not expressly exclude from its application contracts of employment otherwise included, because contrary to the ordinances of a municipality in which the contract is made or performed, and we hold that such exclusion is not clearly nor necessarily implied. The judgment of the circuit court is accordingly affirmed.