BLOCK COAL & COKE CORP. *et al. v.* CASE *et al.*

(*Nashville*, December Term, 1951.)

Opinion filed February 9, 1952.

WALKER & HOOKER, of Nashville, for complainants.

WILLIAM F. BARRY, Solicitor General, and ALLISON B. HUMPHREYS, JR., Assistant Attorney General, for defendants.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal presents a suit brought in the Chancery Court of Davidson County by Complainants, Block Coal & Coke Corporation, and various other coal mining corporations constituting the Southern Appalachian Coal Operators' Association, against James L. Case, Commissioner of Labor of the State of Tennessee, J. A. Welch, as Chief Mine Inspector, and Roy H. Beeler, as Attorney General. The bill was filed under the Declaratory Judgments statute as an assault upon Chapter 245, Public Acts of 1951, on the allegation that that statute, in certain of its aspects violated Section 17 of Art. II of the Constitution. After the hearing upon the bill and a demurrer filed by the Defendants, the Chancellor sustained the Act, and the Complainants have appealed.

Two assignments of error are made to support the appeal. The first is in general terms and fails to comply with Rule 14, 185 Tenn. 866, in that it asserts that the Chancellor erred in sustaining the bill without making specifications to the error, as required by our Rule.

The second assignment of error states merely that the Chancellor erred in failing and refusing to hold Chapter 245, Public Acts of 1951, unconstitutional and invalid, as being in contravention of Art. II, Section 17, of the Constitution of 1870. In view of our Rule 14, supra, this second assignment is very general and fails to specify how the Act violates Art. II, Section 17, of the Constitution, but in argument to support that assignment, it

is insisted that under an Act, the caption of which stated its purpose to be to "amend," the Legislature in fact, "repealed and substituted."

An analysis of the caption of Chapter 245, Public Acts of 1951, is as follows: "An Act to be entitled: 'An Act to amend Sections 5539, 5540, etc., (here follows some 70 other sections) of the Official Code of Tennessee,' said Sections being parts of the Mining Laws of Tennessee."

Art. II, Section 17, of the Constitution is as follows: "No bill shall become a law, which embraces more than one subject; that subject to be expressed in the title. All acts which repeal, revive or amend former laws, shall recite in their caption or otherwise, the title or substance of the law repealed, revived or amended."

Since the decision of *State* v. *Runnels*, 92 Tenn. 320, 21 S. W. 665, it has been held innumerable times by this Court, that the recitation in the caption of the specific section of the Code to be affected by the legislation, is a sufficient compliance with the constitutional requirement that the subject of the legislation be expressed in the title, and in the present caption, the draftsman of the legislation went further, and gave more notice than was required by stating that all the Code sections which were to be affected by the legislation, were a part "of the Mining Laws of Tennessee." So long as the new Act, in all its provisions, had to do with the Mining Laws, it was germane and relevant to the subject of its caption. *Cannon* v. *Mathes*, 55 Tenn. 504, 523; *Hicks* v. *Rhea County*, 189 Tenn. 383, 390, 225 S. W. (2d) 544.

The greater part of the argument and the real basis of the attack upon the Act and its unconstitutionality, is that the caption specifies that it is an Act to *amend* certain specific sections of the Code, whereas the effect of the Act, as is clear from its provisions, is to repeal

all or parts of the specified sections of the Code, and to enact other provisions in lieu or substitution of those repealed.

If there was ever any doubt that the word "amend" was sufficiently broad to cover this legislative process of repeal and substitution, it is so no longer in this jurisdiction.

"Amendment by substitution is a common legislative practice, striking certain language from the original Act and inserting other language in place of that stricken. Such practice is recognized as permissible in repeated decisions of this Court, indeed, so far as we are advised, has not heretofore been seriously challenged. *Wright* v. *Cunningham,* 115 Tenn. 445, 453, 91 S. W. 293; *Cole Mfg. Co.* v. *Falls,* 92 Tenn. 607, 22 S. W. 856; *Southern Ry. Co.* v. *Memphis,* 126 Tenn. 267, 148 S. W. 662, 41 L. R. A., N. S., 828; *State* v. *Collier,* 160 Tenn. 403, 23 S. W. (2d) 897." *Bell* v. *Town of Pulaski,* 182 Tenn. 136, 139-140, 184 S. W. (2d) 384, 386.

We agree with the Chancellor, that in all essential particulars, Chapter 245, Public Acts of 1951, is identical with the Gasoline Tax Act considered by this Court in *Texas Co.* v. *Fort,* 168 Tenn. 679, 80 S. W. (2d) 658, and that what Mr. Justice Chambliss said in that case, is controlling here. We quote and approve the well-considered opinion of the Chancellor so holding:

"Another case, wherein the opinion of the Court was rendered by Mr. Justice Chambliss, to-wit: *Texas Co.* v. *Fort,* 168 Tenn. 679, 80 S. W. (2d) 658, the question was presented as to whether or not an amendatory act violated Section 17 of Article 2 of the Constitution. The caption of the Act in question was, as follows:

" 'An Act to amend Sections 1126, 1127, 1128, 1130, 1131, 1132, 1133, 1134, 1135, 1136, 1137, 1138, 1140, 1141,

1142, 1143, 1146, 1147, and 1148 of the Code of Tennessee, 1932; said sections of the Code relating to the Gasoline Tax Laws, providing for an improved method of assessing and collecting said gasoline taxes and to strengthen the enforcement of said laws, and to repeal all laws and parts of laws in conflict with this Act.'

"In disposing of this question, the Court said at pages 682-684 of 168 Tenn., at page 658 of 80 S. W. (2d):

" 'It is insisted that the language of the caption must be limited in its application to just such "gasoline taxes" and just such "laws" as were provided for in the Code sections cited; that "storing" was not embraced within the "said gasoline taxes" or tax laws, so provided for; that therefore the amendment making "storing" a privilege brings in a new and independent subject, not within the scope of the limiting phrase "said gasoline taxes," or "said" laws.

" 'To this we are unable to agree. The sections amended are under a subheading of the Code reading "Gasoline Tax." It is the state "Gasoline Tax" which the title of the amendment gave notice of a purpose to amend, that is, to change, correct, revise. *Gamble* v. *State,* supra [159 Tenn. 446, 19 S. W. (2d) 279]. And notice was further given that it was proposed by this amendment to provide for "an improved method of assessing," etc., this gasoline tax. To "assess is to determine and impose a tax; also, but not alone, to value for taxation. Levy is a synonym of assess." Webster's New International. It appears, therefore, that the title of this amendment to the Code sections cited gave notice of a purpose to change and improve the method of assessing, imposing, levying, the state gasoline taxes, so as to strengthen the enforcement of this law set forth in the Code sections cited. The details of the

plan were not required to be set forth in the title. Having called attention to the particular form of privilege taxation to be dealt with, that is, gasoline taxes, it was necessary only to indicate the object aimed at by the amendment. This was clearly done. The title disclosed the result aimed at; the method is for the body of the act. The "subject" only is called for in the title, not the story; the purpose to do a certain thing, not just how it is to be done. The purpose declared here was to amend the gasoline tax laws, so as to provide an improved method of assessing and collecting this tax. In the body of the amendment the details were set forth clearly, and under all our holdings this was sufficient. * * *

" 'We think it cannot be fairly said that an act which amends the body of our gasoline tax laws so as to measure the tax imposed according to the amount stored rather than the amount withdrawn from storage, has no proper connection with, is not germane to, the general subject expressed in the title, "providing for an improved method of assessing and collecting said gasoline taxes." '

"The Court is unable to distinguish in any way the case at bar from the Texas case, supra, and is of the opinion that it is decisive of the issue herein presented. The captions to the Amendatory Acts in each case are almost identical. All amendments in the instant case are germane to the Mining Laws of Tennessee, just as were the amendments in the Texas case germane to the Gasoline Tax Laws."

Appellants rely strongly on the case of *Malone* v. *Williams*, 118 Tenn. 390, 103 S. W. 798, and insist that the present Act, Chapter 245, Public Acts of 1951, under the guise of being an amendatory Act, is in fact, a repealing Act, and as such enacts entirely new and dif-

ferent law on the subject of mining in Tennessee. As appears from the opinion in *Malone* v. *Williams,* supra, the legislation there under consideration was the culmination of a highly controversial and bitter political dispute which involved the right to hold municipal public office and the liquor question. From the recitation of the history of the legislation in the opinion, it is evident that the ultimate passage of the legislation under attack, had been accomplished after many political legislative maneuvers. These circumstances went far to make this Court hold the caption false and misleading. No such background is present in the passage of Chapter 245, Public Acts of 1951, which was remedial legislation to improve the working conditions of miners in the mines in Tennessee, and as such remedial legislation, the Act and the machinery of its enactment are to be given a liberal construction to carry out the purposes of its passage. *Partee* v. *Memphis Concrete Pipe Co.,* 155 Tenn. 441, 295 S. W. 68; *Walsh, Adm'r* v. *Myer Hotel Co.,* 161 Tenn. 355, 30 S. W. (2d) 225; *Robinson & Co., Inc.* v. *Larue,* 178 Tenn. 197, 156 S. W. (2d) 432.

However, we do not find it necessary to invoke the rule of liberal construction, since we think under many cases later than *Malone* v. *Williams,* supra, this Court has approved rules which validate the caption of the present Act, and authorize a declaration that it does not violate Section 17 of Art. II of the Constitution. *Bell* v. *Town of Pulaski,* supra; *Basham* v. *Southeastern M. T. L., Inc.,* 184 Tenn. 532, 201 S. W. (2d) 678; *Hicks* v. *Rhea County,* 189 Tenn. 383, 225 S. W. (2d) 544; *Texas Co.* v. *Fort,* 168 Tenn. 679, 80 S. W. (2d) 658.

It results that the assignments of error are overruled and the decree of the Chancellor is in all respects, affirmed.