SHORT v. STATE LICENSING BOARD FOR THE HEALING ARTS.

*(Nashville*, December Term, 1951.)

Opinion filed February 9, 1952.

J. R. SMITH, of Lafayette, for appellant.

B. B. GULLETT, of Nashville, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This cause originated in the chancery court of Macon County by an original bill filed by the State Licensing Board to enjoin the defendant from practicing medicine. The bill alleged that the defendant had no license to engage in the practice of any branch of the healing arts. The defendant demurred to the bill upon the grounds (1) that Chapter 9 of the Public Acts of 1947 is unconstitutional, the body of the Act being broader than the caption, (2) that the Legislature is without authority ''to empower either the chancery courts or circuit courts to enjoin any person from committing an act which is plainly designated as a misdemeanor'', and (3) that all acts complained of in the original bill against the defendant are not in conflict with Chapter 9, Acts of 1947.

The Chancellor overruled the demurrer and thereafter complainant filed a petition against the defendant for contempt, alleging a violation of the temporary injunction previously granted. The defendant answered the original bill, including the citation for contempt. He plead guilty to the charges of contempt, but denied the charge of unlawfully practicing medicine, or any branch of the healing arts; he was permitted by the Chancellor to rely on his demurrer in his answer to the bill.

The cause was heard on oral testimony by agreement of counsel. Upon the hearing the temporary injunction

was made perpetual and the defendant was fined $25 for contempt. An appeal was prayed and granted to the Court of Appeals only from that part of the decree making permanent the temporary injunction. The Court of Appeals transferred the cause to this Court because it involved a constitutional question, i. e., the validity of Chapter 9, Public Acts of 1947. We have before us only the technical record and assignments of error in the Court of Appeals.

We pretermit the complainant's motion to dismiss the appeal on the ground that there was no motion for a new trial in the chancery court, since the issue now before us is the sole legal question as to the validity of the Act alleged to have been violated.

We find no merit in the contention made that the body of the Act is broader than its caption. The caption of the Act is as follows: "An Act to regulate, strengthen and render uniform the issuance of licenses to practice the healing art or any branch thereof, in the State of Tennessee; to create a board to be known as 'State Licensing Board for the Healing Arts;' to prescribe the duties and powers of said board; to fix penalties for the violation of this Act; and to repeal all laws in conflict with the provisions of this Act."

The two Sections of the Act (12 and 13) which are assailed by the defendant in his demurrer and answer provide: *"Sec. (12). Be it further enacted,* That the State Licensing Board for the Healing Arts, in addition to the powers and duties expressed in this Act with respect to the denial of a license, denial of certificate of registration, suspension or revocation of a license, is hereby empowered to petition any Circuit or Chancery Court having jurisdiction of any person within this state who is practicing without a license or to whom a

license has been denied, or to whom a certificate of registration has been denied, or whose license has been suspended or revoked by action of the board, to enjoin such person from continuing to practice the healing art, or any branch thereof, within the State of Tennessee; and jurisdiction is hereby conferred upon the Circuit and Chancery Courts of this state to hear and determine all such causes as equity causes and exercise full and complete jurisdiction in such injunctive proceedings, but nothing in this section of this Act shall be construed as conferring criminal jurisdiction upon any Court not now possessing such criminal jurisdiction, nor shall any such court, as an incident to the injunctive proceedings herein authorized, have the power to assess the criminal penalties hereinafter set out.''

Section 13 provides for the penalty for violating the Act. It reads as follows: *"Be it further enacted,* That any person, except those expressly exempted from the provisions of this Act, as above set out, who shall practice the healing art, as in this Act defined, or any branch thereof, without having first complied with all the provisions of this Act, including the provisions of all Acts now in force regulating the practice of the various branches of the healing arts, and any person who shall violate any of the provisions of this Act, shall be fined not less than One Hundred Dollars ($100.00) and not exceeding Four Hundred Dollars ($400.00), or imprisoned in the County Jail not more than eleven (11) months and twenty-nine (29) days, or both, in the discretion of the Judge trying the case, and each time any person shall practice the healing art, or any branch thereof, without meeting all the requirements of laws now in force, and this Act, shall constitute a separate offense; and any person filing or attempting to file, as his own, a diploma or license

of another or a forged affidavit of identification, shall be guilty of a felony and be subject to the punishment prescribed by law·for the crime of forgery. All fines for offenses for the violation of this Act shall be paid over to the 'State Licensing Board for the Healing Arts, and shall be carried by the State Treasurer in a fund earmarked for the purposes of the carrying out of this Act by the State Licensing Board for the Healing Arts. * * *,,

A casual reading of the caption and the body of the Act, and especially the foregoing sections; leads us to the conclusion that it is a valid and constitutional statute. The body of the Act is not broader than the caption.

There is no merit in the contention that the Legislature was without authority to confer upon the chancery and circuit courts authority to enjoin the violations of the Act, such acts being also declared to be a misdemeanor and punishable by a fine of not less than $100 and not exceeding $400 and imprisonment in the county jail not more than eleven (11) months and twenty-nine (29) days.

The defendant is not being prosecuted criminally in the case·at bar, and hence is in no position to complain that he is in double jeopardy for the same offense. The sole contention is that the Legislature is without authority to confer upon the chancery court authority to enjoin him from violating the Act denouncing the practice of medicine without a license. The mere fact that such violation is declared to be a misdemeanor by Section 13 of the Act can in no way oust the chancery court of its jurisdiction to grant an injunction and assess a fine for contempt that is within the inherent power of the court. There is no constitutional restraint upon the Legislature which in any way limits its authority to

provide for the enforcement of a statute by injunction in addition to the State's right to criminally prosecute for its violation; provided, the alleged offender is not twice put in jeopardy for the same offense. In the case at bar the decree of the Chancellor penalized the defendant under his plea of "guilty" of contempt of the court, and not a fine (as prescribed in Section 13) for violating the provisions of the Act.

It is our well considered opinion that Sections twelve (12) and thirteen (13) are not repugnant to each other, but authorize the Board in the first instance, by civil action, to enjoin persons from practicing the healing arts without a license; and in the second instance fixes the punishment for the violation of the Act, the same to be assessed upon indictment and conviction in the circuit or criminal court.

The argument that the defendant is being deprived of his "property right", he claiming the right to practice "naturopathy" is fully answered by this Court's opinion in *Estep* v. *State,* 183 Tenn. 325, 192 S. W. (2d) 706.

The Chancellor's decree is affirmed.