E. W. Seawell *et al. v.* Roy H. Beeler *et al.*

(*Nashville,* December Term, 1955.)

Opinion filed February 3, 1956.

Z. T. OSBORN, JR., of Nashville, for appellants.

JAMES M. SWIGGART, of Nashville, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The complainants filed their original bill in the Chancery Court at Nashville seeking a declaratory judgment, complaining that they are being deprived of a valuable personal and property right resulting from the enforcement of Chapter 113 of the Public Acts of 1953. The bill alleges that the Act is unconstitutional as violating Article 1, Section 8, and Article 11, Section 8 of the Constitution of Tennessee; and Section 1 of the 14th Amendment to the Constitution of the United States.

Article 1, Section 8, provides:

"That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or

outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land."

Article 11, Section 8, provides that "The Legislature shall have no power to suspend any general law for the benefit of any particular individual".

Section 1 of the 14th Amendment to the Constitution of the United States provides: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The complainants say furthermore that the Act is "omnibus legislation", since (1) it embraces more than one subject; (2) the subject is not expressed in the caption; and (3) the caption of the Act fails to cite the title or substance of the law affected, and violates Article 2, Section 17, of the Constitution of Tennessee.

The caption of the Act is "An Act to amend Sections 6907.2" and 44 other named Sections "of the 1950 Supplement to the Code of Tennessee, the caption of which is entitled, 'An Act entitled "An Act to revise and codify the General and Public statutes of the State of Tennessee." ' "

The complainants are engaged in the practice of optometry in the City of Nashville and advertise in showwindows, by cars, neon signs, etc., various articles used in the practice of their profession. The Section of the Act herein assailed, the same being Section 43, is the only Section which affects them in their business or profession. It provides that Section 7038 of the 1950 Supplement to the Code of Tennessee be stricken in its entirety and substitutes an amendment which expressly prohibits them

from *advertising* eyeglasses, spectacles, ophthalmic lenses, or prisms, or frames or mountings, etc., and confers upon the Board the authority to suspend, or revoke, any license of any holder for any alleged violation of the Act.

The defendant demurred to the bill upon the following grounds:

1. "Chapter 113, Public Acts of 1953, is a valid and constitutional act, and said statute does not violate any provision of the Constitution of Tennessee or the Constitution of the United States.

2. "In so far as the original bill seeks a declaration as to the constitutionality of those parts of Chapter 113, Public Acts of 1953, affecting branches of the healing arts other than optometry, defendants demur on the following ground: the bill shows on its face that complainants have no interest in the subject matter, are not adversely affected thereby, and have no right to attack the constitutionality thereof."

The Chancellor sustained the demurrer and complainants prayed and were granted an appeal to this Court.

The assignments of error are:

(1) The court erred in holding and finding that Chapter 113 of the Public Acts of 1953 is a valid and constitutional enactment.

(2) The court erred in holding that complainants are not adversely affected by the violations of the constitutional provisions aforesaid.

(3) The court erred in finding and holding that complainants are not deprived of due process of law by the provisions of said Act by failure to exhaust an administrative remedy afforded them by said Act and for the fact that complainants would be entitled

to a review by the courts in the event of adverse action on the part of the defendants.

(4) The court erred in sustaining the *joint demurrer,* holding in substance that the complainants were without right to attack the constitutionality of said Act.

The demurrants insist that complainants are not adversely affected otherwise than striking out Section 7038 and substituting the amendment which prohibits certain acts and forms of advertising in their business.

The caption of the Act in and of itself gives notice to each member of the Legislature that many sections of the Official Code are being amended. In this respect it is "omnibus" legislation. But it is not in violation of the Constitution. *Block Coal & Coke Corp.* v. *Case,* 193 Tenn. 377, 246 S. W. (2d) 52. At page 380 of 193 Tenn., at page 53 of 246 S. W. (2d), it is said:

" 'Amendment by substitution is a common legislative practice, striking certain language from the original Act and inserting other language in place of that stricken. Such practice is recognized as permissible in repeated decisions of this Court, indeed, so far as we are advised, has not heretofore been seriously challenged' ", citing a number of comparatively recent decisions.

In 1947, Pub. Acts 1947, c. 9, the Legislature created a licensing Board for the Healing Arts with jurisdiction over various professions included therein. This Act was held to be constitutional in *Short* v. *State Licensing Board For The Healing Arts,* 193 Tenn. 389, 246 S. W. (2d) 56. Every Section of Chapter 113, Public Acts of 1953, deals with some aspect or branch of the so-called healing arts. We think the caption of the Act, which recites the number of these Sections, is in full compliance

with our Constitution, and is sustained by our decision in *Block Coal & Coke Corp.* v. *Case,* supra, and authorities cited. The number of each and every Section of the Code Supplement of 1950 sought to be amended is set out in the caption of the Act. These Code Sections were reenacted by Chapter 6 of the Public Acts of 1955, the caption to said Act being: "An Act to revise and codify the general and public statutes of the State of Tennessee", and were carried into the Code, T. C. A., Bobbs-Merrill, under Section 63-101 et seq.

■ Able counsel for the complainants would have the Court strike down the statute in its entirety, including every Section that is amended, when it conclusively appears that they are not adversely affected except by the single amendment which authorizes the Board to suspend or revoke a license for certain specific causes.

■ Considering, but not deciding, that a Section of the assailed statute violates due process, we should not so adjudge until the manner of its enforcement amounts to a denial of due process. Moreover the Act provides, Sec. 63-124, T. C. A., and contrary to complainant's insistence, "In all proceedings for a suspension, or revocation of licenses, the holder of said license shall be given fifteen (15) days' notice to prepare for a hearing, and he shall be heard in person or by counsel, or both. * * * The board shall have the power to make all needed rules for its proceedings in such a hearing, * * *."

■ The rules of the Board, if any have been adopted, are not now before us. Suffice it to say that the Board must administer the law in a way and manner that due process is not denied to any one within the class affected. We cannot assume that the Act will be administered otherwise than in full compliance with the State and Federal Constitution.

■ There is no merit in the contention that Act is invalid on the ground that it excludes a certain class, i. e. "Oculists and Ophthalmologists" from its provisions. In *Saunders v. Swann,* 155 Tenn. 310, 292 S. W. 458, it was stated that Oculists and Ophthalmologists might be classified by the Legislature separately from Optometrists without violating the Constitution.

In conclusion it should be said that any constitutional defects in the Act herein assailed were cured by Chapter 6 of the Public Acts of 1955, heretofore referred to in this opinion.

The assignments of error are overruled, and the Chancellor's decree is affirmed.