MARTIN HART v. P. P. GREGORY.

(Filed 15 October, 1941.)

1. **Master and Servant § 65—Ordinary night watchman is not employee within the coverage of Federal Fair Labor Standards Act.**

Claimant was employed as a night watchman at a lumber mill producing goods for interstate commerce. The evidence was contradictory as to whether he was required to keep water in the boilers as a part of the regular duties of his employment. *Held:* An ordinary night watchman is not an employee engaged in the production of goods for interstate commerce within the coverage of the Federal Fair Labor Standards Act and

the court did not commit error in charging the jury that the burden was on claimant to prove by the greater weight of the evidence that he put water in the boilers in addition to his regular duties as night watchman in order for him to be entitled to the benefits of the Act.  29 U. S. C. A., sec. 203 (j), sec. 3 (j).

**2. Statutes § 5a—**
It is the duty of the courts to construe the law as written.
SEAWELL, J., dissenting.

APPEAL by plaintiff from *Stevens, J.,* and a jury, at January Term, 1941, of PASQUOTANK.  No error.

This was an action brought by plaintiff against the defendant in which he contended that he was a night watchman engaged in interstate commerce and came within the provisions of the National Fair Labor Standards Act of 1938.

At the first trial a judgment as in case of nonsuit, C. S., 567, was entered.  From that judgment an appeal was taken to this Court.  The judgment of the Superior Court was reversed.  *Hart v. Gregory,* 218 N. C., 184.  Upon the mandate coming down to the Superior Court another trial was had.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the plaintiff employed in an occupation necessary to the production of goods within the meaning of the Fair Labor Standards Act of 1938, as alleged in the complaint?  Answer: 'No.'

"2. What amount did defendant pay plaintiff as wages between the dates of November 7, 1938, and June 10, 1939?  Answer: ...... .... .

"3. How many hours did plaintiff work for defendant during said period of time?  Answer: .............

"4. Exclusive of any penalty or attorney's fee, what amount, if any, is the plaintiff entitled to recover of the defendant for unpaid minimum wages and unpaid overtime compensation?  Answer: . ......... .."

It was agreed that the court might answer the 2nd, 3rd, and 4th issues, dependent upon the jury's answer to the 1st issue.  Judgment was rendered for defendant on the verdict.  The plaintiff excepted, assigned error, and appealed to the Supreme Court.

*R. B. Lowry and John H. Hall for plaintiff.*
*R. M. Cann and R. Clarence Dozier for defendant.*

CLARKSON, J.  The record discloses that the defendant, employer of plaintiff, was operating a lumber mill and was engaged in the production of goods for commerce, under the Fair Labor Standards Act of 1938.

The court below charged the jury as follows (to which plaintiff excepted and assigned error) : "Now, gentlemen, when you come to this issue and it is given to you and you retire to your room, I want to say to you that the burden of the issue is upon the plaintiff to satisfy you from the evidence and by its greater weight. The case has heretofore been to the Supreme Court of North Carolina and has been reported in the 218th volume at pages 184 and 193, both inclusive, and that when it went to the Supreme Court the first time our Supreme Court said on page 192 thereof : 'That feeding water to the boilers was necessary in the production of goods.' Therefore it concerns you only to find as a fact, the burden of the issue being upon the plaintiff to so satisfy you from the evidence and by its greater weight as to whether or not Mr. Hart did actually, as a part of his employment, feed the water to the boilers during the evening, and the court charges you if you find from the evidence and by its greater weight that under the terms of the employment between the plaintiff and the defendant, the plaintiff, in addition to his duties as watchman, was required to keep water in the boilers, then it will be your duty to answer the first issue 'Yes.' If you do not so find, gentlemen, it will be your duty to answer it 'No.' " The jury answered the issue "No."

We think the charge correct under the opinion heretofore rendered in this case. We said, at p. 192 : "The present case we think comes within the provisions of the Fair Labor Standards Act, as the duties of this night watchman were more than that ordinarily required of one so termed. The duty of plaintiff was to keep water in the boiler so that in the morning steam could easily be available. If the boilers were not kept filled up at night, they would have burned dry and that would have ruined them and made them unfit for use. It is clearly apparent that the man who attended to the boiler in the day was engaged in 'occupation necessary to the production thereof' of goods. Why should not the man at night whose duty it was to keep the boiler fit for service in the production of goods receive the same benefit accorded men directly at work producing these goods? His duties were more than a night watchman, he fed water to the boilers which were necessary in the production of goods."

On the trial in the court below the evidence, pro and con, was conflicting. The jury has decided this question of fact for the defendant.

The plaintiff requested the court below to charge the jury: "If you find from the evidence and by its greater weight that plaintiff was employed by defendant as a watchman of his mill, then it would be your duty to answer the first issue 'Yes.' " This request was refused and in this we can see no error.

The language of the Act to be construed, 29 U. S. C. A., sec. 203 (j), being sec. 3 (j), of the Act, reads as follows: "For the purpose of this Act an employee shall be deemed to have been engaged in the production of goods, if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any process or occupation necessary to the production thereof in any State." We think it would be doing violence to the language of the Act to give it such elasticity as contended by plaintiff, that an ordinary night watchman came under the provisions of the Act. Our former decision did not so hold. There is a sharp conflict of decisions over the question, but whatever may be our sympathies we can only construe the law as written. None of the exceptions and assignments of error made by plaintiff can be sustained.

The Fair Labor Standards Act of 1938 on another aspect is fully and ably discussed in *Crompton v. Baker, ante,* 52.

For the reasons given, we see in the judgment of the court below

No error.

SEAWELL, J., dissenting: In excluding plaintiff from the benefit of the National Fair Labor Standards Act (Act of 25 June, 1938, c. 676, 52 Stat. 1060), I believe we fail to accord to that measure the liberal construction to which all such remedial statutes are entitled. On this, the second hearing before us (see 218 N. C., 184, 10 S. E. [2d], 644), we now know that plaintiff did not put water into the boilers during his nightly vigil, nor did he put his hand upon the manufactured product or the tools by which it was created. He simply stood by and watched against fire and flood, thief and the saboteur. It is my thought that in his case the ends of justice may be met and the humanity intended by the statute may be served by a judicial recognition of the principle, "They also serve who only stand and wait."

In construing statutes which deal with current social and economic problems we must recognize that the words employed in them have often moved from the dictionary meaning into a more advanced significance in the literature of the subject. *Towne v. Eisner,* 245 U. S., 418, 38 S. Ct., 158, 62 L. Ed., 372; *Cole v. Fibre Co.,* 200 N. C., 484, 157 S. E., 857. In economic and statistical discussions production is referred to in terms of total output, and I think it is used in this sense when we speak of its flow in interstate commerce. I think it is fully consistent with the definition which the statute provides that a laborer, a watchman, so necessary to the conservation of the product and to the protection of the tools and machines by which manufacture is made possible, and who thereby is engaged in an occupation which results in a larger or undiminished output, put into the flow of interstate commerce and made

available for mankind, should be considered within the statute.

I think we might also consider the probability that controlling Federal judicial opinion will so regard it, as Federal administration has already done.

I think the court committed error in refusing to give the instruction asked for, and that the plaintiff is entitled to a new trial.