S. H. ROBINSON & CO., INC., *v.* LARUE.*

(*Knoxville,* September Term, 1941.)

Opinion filed November 29, 1941.

---

*See Johnson v. Phillips-Buttorff Mfg. Co., p. 559, *infra.*

JENNINGS & O'NEIL, of Knoxville, for plaintiff in error.

W. O. LOWE, of Knoxville, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Joe Larue instituted this suit to recover back wages, penalties, and attorney's fees under the Fair Labor Standards Act of 1938, 29 U. S. C. A., section 201, et seq.

The plant of plaintiff in error, located in Knoxville, covers a city block. It is engaged in purchasing, storing, and selling scrap iron, metal, copper, and aluminum. The trial court and the Court of Appeals, 156 S. W. (2d), 359, have concurred in finding that it is engaged in shipping these materials in interstate commerce, and we find evidence in the record to support that finding.

Defendant in error was employed by plaintiff in error from January 1, 1940, to September 14, 1940, his duty being to watch these materials during the night hours as they were unloaded from trucks, while stored on the yard, and when loaded in freight cars for shipment before the cars were moved.

The primary question for consideration is whether a night watchman, with no other duties to perform, comes within the provisions of the Act. Subsection (j) of section 3 reads as follows: "For the purposes of this Act [chapter] an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any process or occupation necessary to the production thereof, in any State."

██ ██ While in a technical sense a watchman does not produce goods, the trend of judicial decisions seems to be that such an employee comes within the spirit of the Act and renders a service so closely connected with interstate transportation as practically to be a part of it, particularly since the Act is remedial in character and must be given a liberal construction. *Wood* v. *Central*

*Sand & Gravel Co.* (D. C.), 33 F. Supp., 40; *Reeves* v. *Howard County Refining Co.* (D. C.), 33 F. Supp., 90.; *Lefevers* v. *General Export Iron & Metal Co.* (D. C.), 36 F. Supp., 838; and *Hargrave* v. *Mid-Continent Petroleum Corp.*, D. C. E. D. Okl.,[1] decided June 19, 1941.

The Supreme Court of North Carolina, Justice Seawell dissenting, in *Hart* v. *Gregory*, 220 N. C., 180, 16 S. E. (2d), 837, held that a watchman is not employed in an occupation necessary to the production of goods within the Fair Labor Standards Act.

In *Rogers* v. *Glazer* (D. C.), 32 F. Supp., 990, Judge Otis was inclined to the view that a watchman was not included in the Act, but rested his decision primarily upon an exemption in the Act, section 13(a) (2), which provides that "any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce" is not entitled to the privileges of the Act.

We conclude, therefore, that the other courts were correct in awarding defendant in error a recovery herein, the result being that the petition of plaintiff in error will be dismissed.

The defendant in error has also filed a petition in which he complains of the action of the Court of Appeals in reducing the amount of the judgment entered in the trial court. The trial court found that defendant in error served as watchman from 6 P. M. until 6:30 A. M., while the Court of Appeals held that his employment was from 6 P. M. until 5 A. M. This is a controverted question of fact, and we are not disposed to interfere with the finding of the Court of Appeals under all the circum-

---

[1]No opinion for publication.

stances appearing. Under the finding of the trial court the award for back wages was $622.80, while the amount adjudged by the Court of Appeals was $555.90. A like sum, as provided in the Act, was awarded as penalty, making the recovery $1,111.80.

The trial court also taxed the plaintiff in error with an attorney's fee of $300 which the Court of Appeals reduced to $1. Defendant in error in his petition insists that this fee should be restored, and that, in addition, fees should be allowed his counsel for services rendered in the Court of Appeals and in this court.

██ The Court of Appeals was of the opinion that a wide discretion was vested in the courts as to the amount of attorneys' fees awarded, the Act providing for "reasonable attorney's fee," 29 U. S. C. A., section 216(b), and that under the facts appearing only nominal compensation should be allowed. In that view we concur. There was and still is a divergence of opinion among the legal profession as to whether an employee comes within the provisions of the Act whose sole duty is that of watching a plant engaged in producing goods for interstate commerce.

Defendant in error never made any claim that he was subject to the Act or that he was entitled to more compensation than he was receiving until after his services had been dispensed with.

██ The penalty imposed by this Act is harsh and severe and where, as in this case, a doubt exists by the employer as to whether it applies to a particular employee, we are not disposed to place a greater burden upon the employer than is necessary in order to comply with its mandates.

For the reasons stated herein, we feel that the recovery

adjudged in favor of defendant in error by the Court of Appeals, and upon which a lien was declared in favor of his counsel for reasonable compensation, is ample. It follows that the petition of defendant in error is also denied.