**BRANDELL et al. v. CONTINENTAL ILLINOIS NAT. BANK & TRUST CO. OF CHICAGO.**

No. 3300.

District Court, N. D. Illinois, E. D.

Dec. 5, 1941.

Wellington G. Brown and George F. Witteman, both of Chicago, Ill., for plaintiff.

Mayer, Meyer, Austrian & Platt and Frank D. Mayer, all of Chicago, Ill., for defendant.

HOLLY, District Judge.

Plaintiffs, employes of defendant, complain that defendant failed to pay them for overtime work at the rate prescribed by the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Defendant contends that plaintiffs are not covered by that Act.

Plaintiffs allege that the defendant is a national banking corporation having a capital of fifty million dollars and being one of the largest banking institutions in the United States; that it engages in interstate commerce, setting out in detail transactions of defendant which, plaintiffs aver, constitute interstate commerce; that it owns, maintains and operates a large office building in Chicago, twenty-two stories in height (a portion being twenty-three stories of which the first basement, half of the second basement, all of the first six floors, half of the seventh floor, part of the twenty-first floor and all of the twenty-second and twenty-third floors are occupied by defendant and used in carrying on its said business, the remainder of the building being rented to a large number of tenants, many of whom are engaged "in the production of goods, trade, business, finance, transmission and communication for and in interstate commerce"; that prior to October 24, 1938, plaintiffs were employed by defendant as janitors, maintenance men, engineers, electricians, plumbers, firemen, steam fitters, window washers, scrubwomen, porters, porter guards, carpenters, watchmen, oilers, mechanics, utility men and elevator operators respectively and as such were engaged in work necessary to the maintenance of said building; that during the period from October 24, 1938, the effective date of the Fair Labor Standards Act, and ending October 24, 1939, defendant required plaintiffs to work more than 44 hours per week and more than 42 hours per week during the period from October 24, 1939, to October 24, 1940, and more than 40 hours per week from

782

October 24, 1940, to the date of the beginning of the suit and. has failed and refused to compensate them at the rate of time and a half for such overtime.

It is provided in the Fair Labor Standards Act, Section 7, that no employer shall (subject to certain exceptions which need not be noticed here) employ any of his employes who is engaged in commerce or the production of goods for commerce for a week longer than forty-four hours during the first year from the effective date of the Act or longer than 42 hours the second year, or 40 hours the third year, unless such employe receives compensation at the rate of time and a half for such overtime.

Does the complaint show that plaintiffs were engaged in commerce or the production of goods for commerce? I think not.

Commerce is defined in the Act. The definition given is: " 'commerce' means trade, commerce, transportation, transmission, or communication among the several States or from any State to any place outside thereof." Goods is defined as including "wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof * * *" Production, the Act says, "means produced, manufactured, mined, handled, or in any other manner worked on in any State; and for the purpose of this chapter an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any process or occupation necessary to the production thereof, in any State." 29 U.S.C.A. § 203(b, i, j).

Given the broadest interpretation, I do not see how the statute could be construed to cover these plaintiffs. We do not have here the case of a janitor or watchmen or firemen in a building given over exclusively, or almost exclusively, to a business engaged in interstate commerce. Defendant occupies about one third of the building. The other portions are occupied by we know not whom (plaintiffs say some of the occupants are engaged in interstate commerce but that is their counsel's opinion.. No facts are given from which the court can determine whether the allegation states the truth). As an office building the probabilities are that a large proportion of the tenants are lawyers, doctors, accountants, architects, engineers and the like.

Plaintiffs give no service to defendant except such as is incidental to their maintenance and servicing of the entire building.

Conceding that defendant is engaged in interstate commerce, as to which, however, I express no opinion, the hours provisions of the Act do not apply to all of its employes but only those engaged in the production of goods for interstate commerce and are not covered by the Fair Labor Standards Act.

Many cases have been cited by counsel for the parties, all of which I have read and considered, none of which, however, presented the situation we have here.

An order sustaining defendant's motion will be entered.