JOHNSON *v.* PHILLIPS-BUTTORFF MFG. CO.

(*Nashville,* December Term, 1941.)

Opinion filed April 4, 1942.

Claude Callicott, of Nashville, for complainant.

Bass, Berry & Sims, of Nashville, for defendant.

Mr. Chief Justice Green delivered the opinion of the Court.

The complainant Johnson, a night watchman formerly in the employ of defendant Phillips-Buttorff Manufacturing Company, brought this suit for certain overtime alleged to be due him under the Fair Labor Standards Act, 29 U. S. C. A., sec. 201 et seq. The case was tried on stipulation of facts. There was a decree for complainant and the defendant has appealed.

The defendant is a large business concern in Nashville, manufacturing articles of hardware and selling same,

both at wholesale and retail. It occupies a large six-story building on Third Avenue in Nashville where its retail business is conducted. The offices of the Company are there located and the books and records of the entire business are there kept.

Quite near the retail store, and on First Avenue and Second Avenue in Nashville, defendant has two other houses in which goods are kept and some manufacturing done. Seventy per cent of the business done at these two stores is wholesale, thirty per cent retail. Thirty-five per cent of the business done at these stores is interstate business, sixty-five per cent intrastate business.

In another part of the city defendant has a foundry and warehouse. Fifty per cent of the articles manufactured and housed at this place are sold and shipped to purchasers in other States.

The record does not indicate the comparative values of defendant's wholesale business and its retail business, nor does the record indicate what interstate business, if any, is done at the retail store.

From the foregoing it is obvious that defendant, considering its business as a whole, is not conducting a "retail or service establishment the greater part of whose selling or servicing is in intrastate commerce," so as to take it out of the Fair Labor Standards Act under 29 U. S. C. A., sec. 213(a) (2).

It is also obvious, speaking generally, that an employee whose services are necessary to an employer's manufacture and shipment of its goods, a substantial part of which are used in filling orders of extrastate customers, is within the protection of the Fair Labor Standards Act. This is so, although at the time of the manufacture or handling of the goods, the employer,

according to the normal course of his business, expected or intended part of his goods to move in intrastate commerce and part in interstate commerce. 29 U. S. C. A., sec. 213(a); *United States* v. *Darby*, 312 U. S., 100, 657, 61 S. Ct., 451, 85 L. Ed., 609, 132 A. L. R., 1430.

Is a night watchman employed to safeguard the goods of his employer, manufactured and handled as above, an employee engaged in an occupation necessary to the production of goods as that term is defined by the statute? This Court has so held in *S. H. Robinson & Co.* v. *Larue,* 178 Tenn., 197, 156 S. W. (2d), 432, 433, where the Court said:

"While in a technical sense a watchman does not produce goods, the trend of judicial decisions seems to be that such an employee comes within the spirit of the Act and renders a service so closely connected with interstate transportation as practically to be a part of it, particularly since the Act is remedial in character and must be given a liberal construction."

The chancellor appeared dissatisfied with this conclusion and counsel for the defendant is disposed to challenge it. The Court recognized in the case cited that the decisions were conflicting on the question decided and a number of these cases were reviewed. We still think it proper to adhere to the ruling made in *S. H. Robinson & Co.* v. *Larue* unless a different ruling is made by a higher authority.

In support of the previous decision we may refer to the definition of the adjective "necessary," as given in Webster's New International Dictionary, quoted in defendant's brief:

"Essential to a desirable or projected end or con-

dition; not to be dispensed with without loss, damage, inefficiency, or the like."

The accepted meaning of "necessary," therefore, is not that a thing is essential to a particular end or condition but that it is essential to a desirable end or condition. That the thing cannot be dispensed with without loss, damage or inefficiency. It is a matter of common knowledge that large business enterprises quite uniformly find it efficient practice, desirable, and a security against loss that a night watchman be employed to protect their goods —goods produced in commerce.

It is said, however, for the defendant that the particular nature of complainant's duties takes his case out of the authority of *S. H. Robinson & Co.* v. *Larue*; that the complainant is in reality employed as night watchman for a retail establishment, the greater part of whose business is intrastate commerce, and that the portion of his services required for safeguarding the interstate business of defendant is too insignificant to bring the complainant within the protection of the Fair Labor Standards Act.

The duties of the complainant are thus set out in the stipulation of facts:

"He commenced working at 5:00 p. m. and worked until 6:00 a. m. He covered each of the six floors of the building on Third Avenue North once each hour, the executive offices being located on the second floor. He covered each floor of the building on Second Avenue North in which are located the shop and wholesale store and warehouse twice each night, once about 7:30 p. m. and once about 2:30 a. m. He covered each floor of the two adjoining buildings on 1st Ave., N., twice each night, once shortly after 7:30 p. m. and once shortly after 2:30

a. m., he going to those two buildings immediately after his trip through the building on Second Avenue North. It took the complainant thirty minutes to cover the building located on Third Avenue North and it took the complainant the total of thirty minutes to cover the building located on Second Avenue North and the two adjoining buildings located on First Avenue North, it thus requiring one hour for the complainant to cover all the aforesaid buildings. When not engaged in making the schedule as hereinabove set out, the complainant remained on duty spending most of his time at the building on Third Avenue North, but complainant made a few additional trips to the buildings located on Second Avenue North and Third Avenue North when he noticed or had his attention called to suspicious looking persons in the streets and alleys near said buildings, and when he was notified that one or more doors to said buildings had inadvertently been left unlocked.''

The defendant relies on the decision of this Court in *Gibson* v. *Glasgow*, 178 Tenn., 273, 157 S. W. (2d), 814. In that case it was conceded by counsel that if the employee's services in commerce or in the production of goods for commerce were only occasional or unusual he was without the protection of the Fair Labor Standards Act. We approved this concession.

Such is not the case before us. The complainant's entire working time is employed as a night watchman and a substantial part of the property and goods he safeguards is devoted to interstate commerce. His services are not rendered occasionally nor unusually, but uniformly. On each night he goes over the wholesale houses, where the interstate business is carried on, twice; once at 7:30 p. m. and once at 2:30 a. m. During the entire night,

he is but a block distant from the wholesale houses, subject to call there, and where he could readily get there if necessary.

The wholesale houses are under the care of this watchman all of every night. From a description of the articles kept there, apparently heavy hardware, it is to be gathered that the risk of pilferage and the risk of fire would not be so great as such risks would be in the retail house. For this reason it may be thought unnecessary to have inspections of the wholesale houses made with the same frequency that inspections of the retail house are made. The complainant, however, is none the less the night watchman employed to care for all the property every night.

Counsel for defendant refer us to a number of decisions where an employee's duties in respect to the interstate business of his employer were trivial as compared with his other duties, in which cases the benefits of the Fair Labor Standards Act have been denied the employee. An examination of these decisions, however, indicates that they are all cases in which the service in interstate commerce or in the production of goods in such commerce was so small in amount as to fall under the rule of *de minimus non curat lex*.

No question is made upon the amount found to be due the complainant by the chancellor and, for the reasons stated, his decree is affirmed.