CONNELLY *v.* HAMILTON NAT. BANK.

(*Knoxville*, September Term, 1944.)

Opinion filed December 2, 1944.

W. O. Lowe, of Knoxville, for appellant.

Mitchell Long, of Knoxville, for appellee.

Mr. Justice Chambliss delivered the opinion of the Court.

This is another of numerous recent cases involving a dispute as to the coverage of the federal Fair Labor Standards Act of 1938, 29 U. S. C. A., section 201 *et seq.* Plaintiff below, Connelly, declares himself to be an employee of the defendant Bank in the capacity of "engineer and fireman of the furnace and boiler" of an office building occupied in part by the defendant in the conduct of its banking business and with numerous offices rented to various tenants, 25 per cent of whom are engaged in commerce, or in the production of commerce, and that, incidentally, the plaintiff was engaged from one-third to one and one-half hours each day "receiving, watching and delivering goods shipped from without the State of Tennessee to tenants of the defendant and said Bank." These goods were declared to consist of written documents, such as letters, checks, law briefs, insurance policies, etc.

The trial Judge sustained a demurrer challenging the claim of plaintiff to coverage by the Act and he appealed.

We find in the record an excellent statement and discussion of the case by the learned trial Judge, John M. Kelly. We adopt both the reasoning and conclusion therein set forth. His opinion reads as follows:

"The declaration in this case charges the alleged violation by the defendant of the Fair Labor Standards Act

of 1938 and seeks recovery of overtime pay, penalties and attorney's fees. The amendment to the original declaration has previously been allowed. The declaration, as amended, sets forth in substance that the defendant is a banking corporation engaged in interstate commerce; that it owns a building in part of which the bank's business is conducted, while the remainder is leased by the bank for offices to tenants, many of whom are engaged in commerce, or in the production of goods for commerce. There is no averment who these tenants are, nor the business which has an interstate character. There is no averment that goods are produced in the bank, or by tenants in the building, other than documents such as letters, orders, instructions, intelligence, checks, lawyer's briefs, insurance policies, etc. Neither is there any averment that the plaintiff is himself engaged in commerce, or in the production of goods for commerce, or in an occupation necessary for the production of goods for commerce.

"In his declaration the plaintiff avers merely that he was employed by the defendant and assigned to the duties of engineer and the duty of firing the furnace and boiler used to heat the spaces occupied by the defendant and by tenants in the building of the defendant who are engaged in commerce or in the production of goods for commerce. In further describing his duties the plaintiff avers that he acts as a custodian and delivery man, receiving, watching and delivering goods shipped to the bank and to the tenants of the bank from without the State of Tennessee and that he is regularly and continuously engaged in spending from ⅓ of an hour to 1½ hours each day in the duties in connection with such goods.

"To the declaration the defendant has demurred on four grounds. Three grounds, the first, second and

fourth, are directed to the same general proposition substantially to the effect that the averments of the declaration do not disclose the plaintiff to be engaged in commerce or in the production of goods for commerce or in an occupation necessary to the production of goods for commerce.

"The determinative question here is, what was the character of work in which the employee was engaged, not the business in which employer was engaged. From the declaration it appears that the plaintiff performed the duties of engineer, of firing the furnace, of a watchman and checker-in of goods, which, all summed up, discloses the plaintiff occupying a status of a maintenance employee of a bank which operates its business and an office building on the premises where plaintiff is employed.

"Despite the absence of the averments of a jurisdictional fact that plaintiff is engaged in a pursuit that would bring him within the coverage of the Act, it is clear that such activities as the plaintiff has been engaged in, while they may affect interstate commerce to some minor extent, are not so closely or intimately related to interstate commerce as to constitute a part of it. His employment is not such as is covered by the Act.

"In all cases arising under the Fair Labor Standards Act that have been examined by the Court which have reference to employes of (1) banking institutions, (2) banking institutions operating not only a bank but an office building and (3) office buildings that are not operated by banks, it has been held that maintenance men such as engineers, firemen, elevator operators, janitors and the like are not covered by the Act and these authorities appear to be exceptionally well in accord upon this point.

"Decisive of the question in the present case are the following reported cases, upon the authority of which the demurrer in this case will have to be sustained:

"*Stoike* v. *First National Bank* [290 N. Y. 195], 48 N. E. (2d) 482, *certiorari* denied by Supreme Court of U. S. [320 U. S. 762], 64 S. Ct. 50; *Lofther et al.* v. *First National Bank of Chicago* [7 Cir.], 138 F. (2d) 299; *Tate* v. *Empire Building Corporation*, 6 Cir., 135 F. (2d) 743; *Brandell* v. *Continental Illinois Nat. Bank & Trust Co.* [D. C.], 43 F. Supp. 781; *Rosenberg et al.* v. *Semeria*, 9 Cir., 137 F. (2d) 742; *Johnson* v. *Dallas Down-Town Development Co.* [5 Cir.], 132 F. (2d) 287, *certiorari* denied by Supreme Court April 19, 1943 [318 U. S. 790, 63 S. Ct. 994, 87 L. E. 1156].

"A definite distinction seems to have been made by the Courts in applying the Fair Labor Standards Act in cases involving buildings between those which (1) are occupied as offices by tenants who may be engaged in commerce or even elsewhere in the production of goods for commerce, and (2) buildings in which goods are manufactured or produced for interstate commerce. Other than as indicated above there is no averment in the declaration that any goods are produced in the defendant's building and consequently the principle established in the *Kirchbaum and Arsenal Building Corporation* v. *Walling Cases* [316 U. S. 517, 62 S. Ct. 1116, 86 L. Ed. 1638] cannot apply in this case. The Courts evidently have declined to hold that insurance policies, lawyer's briefs, letters, orders, etc., are goods the production of which in an office building would be sufficient to bring office buildings or banks within the application of the last two named cases.

"The third ground of demurrer is directed to the omission from the plaintiff's declaration of facts showing

that the defendant is engaged in commerce, or in the production of goods for commerce, etc., but that on the contrary as contended in the demurrer, the facts averred show that the defendant's business is that of a service establishment which is exempt from the provisions of the Act. The Court does not feel that it is necessary to adjudicate the question whether or not the bank is a service establishment within the meaning of the Act. It is the activity in which the plaintiff is engaged and not the business in which the defendant is engaged that determines.

"However, since the declaration does not show the plaintiff to be within the coverage of the Act in view of the decisions herein cited, the demurrer must be sustained on grounds 1, 2 and 4. An order may be prepared and submitted sustaining the demurrer and dismissing the plaintiff's suit."

 This holding is consistent with the principle this Court has approved in recent reported cases, i. e., *Johnson* v. *Phillips & Buttorff Mfg. Co.*, 178 Tenn. 559, 160 S. W. (2d) 893; *Robinson & Co.* v. *Larue*, 178 Tenn. 197, 156 S. W. (2d) 432; and *Gibson* v. *Glasgow*, 178 Tenn. 273, 157 S. W. (2d) 814. In the last cited case it was said that a "substantial portion" of an employee's time must be devoted to the production of goods in commerce to bring him within the coverage of the Act. An analogy is suggested to the holding of this Court in tort actions, rejecting the "scintilla" rule of evidence—that a mere "spark" or "glimmer" is not enough (*Brenizer* v. *N., C. & St. L. Ry.*, 156 Tenn. 479, 484, 3 S. W. (2d) 1053, 8 S. W. (2d) 1099)—this in application of the maxim "*de minimis non curat lex.*" It is apparent that the connection, if any, of the plaintiff with the production of goods in commerce

is too remote and the time and attention so required too inconsequential for legal consideration. In addition to cases cited by the trial Judge and those above mentioned, other supporting cases will be found discussed in the exhaustive briefs of counsel.

The judgment is affirmed.